UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| JAMES BOLAND *et al.* | : | | |
| | : | | |
| Plaintiffs, | : | Civil Action No.: | 10-643 (RMU) |
| | : | | |
| v. | : | Re Document No.: | 8 |
| | : | | |
| ELITE TERRAZZO FLOORING, INC. | : | | |
| | : | | |
| Defendant. | : | | |

**MEMORANDUM OPINION**

GRANTING THE PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT

**I. INTRODUCTION**

This matter comes before the court on the plaintiffs' motion for default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2). The plaintiffs, trustees of the Bricklayers and Trowel Trades International Pension Fund ("IPF") and the International Masonry Institute ("IMI"), allege that the defendant failed to make contributions to employee benefit funds in violation of collective bargaining agreements ("CBAs") and the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1145. The defendant, though properly served, has not responded to the complaint; accordingly, the plaintiffs now seek entry of default judgment and request monetary damages and injunctive relief. For the reasons discussed below, the court grants the plaintiffs' motion.

## II. FACTUAL & PROCEDURAL BACKGROUND

From 2006 to 2009, the defendant entered into three separate CBAs with the International Union of Bricklayers and Allied Craftworkers Local Union No. 7 New York/New Jersey ("the Union"). Pls.' Mot., Decl. of David F. Stupar, Executive Director of the Fund ("Stupar Decl.") ¶ 7. The CBAs require the defendant to submit monthly reports and payments to the IPF and the IMI on behalf of the construction industry employees covered by the agreements. *Id*. Although the defendant submitted the required monthly reports, the plaintiffs claim that it neglected to contribute to the employee benefit funds from May 2009 through January 2010, in violation of the CBAs. *Id.* ¶ 9.

In April 2010, the plaintiffs commenced this action to recover these delinquent contributions and any additional relief available under the ERISA. Compl. at 5. The plaintiffs served the defendant with the summons and complaint on May 5, 2010. Return of Service/Affidavit, Aff. of Ira Mitzner ("Mitzner Aff.") ¶ 2. The defendant never responded to the complaint. On August 24, 2010, the plaintiffs requested an entry of default and served the defendant with a copy of their affidavit in support of default. Aff. in Supp. for Default at 2. The following day, the Clerk of the Court entered the default. Pls.' Mot., Ex. B ("Entry of Default"). Immediately thereafter, the plaintiffs filed this motion pursuant to Federal Rule of Civil

Procedure 55(b)(2),[1] which they also served on the defendants. *See* Pl.'s Mot. at 3. Throughout this period, the defendant has failed to submit any pleadings or otherwise defend itself against this action. The court turns now to the applicable legal standard and the plaintiffs' requests for relief.

### III. ANALYSIS

#### A. Legal Standard for Entry of Default Judgment Under Rule 55(b)(2)

A court has the power to enter default judgment when a defendant fails to defend its case appropriately or otherwise engages in dilatory tactics. *Keegel v. Key W. & Caribbean Trading Co.*, 627 F.2d 372, 375 n.5 (D.C. Cir. 1980). Rule 55(a) of the Federal Rules of Civil Procedure provides for entry of default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules." FED. R. CIV. P. 55(a). Upon request of the party entitled to default, Rule 55(b)(2) authorizes the court to enter against the defendant a default judgment for the amount claimed and costs. *Id.* 55(b)(2). Because courts strongly favor resolution of disputes on their merits, and because "it seems inherently unfair" to use the court's power to enter judgment as a penalty for filing delays, modern courts do not favor default judgments. *Jackson v. Beech*, 636 F.2d 831, 835 (D.C. Cir. 1980). Accordingly, default

---

[1] Rule 55 specifies a two-step process for a party seeking to obtain a default judgment. First, the plaintiff must request that the Clerk of the Court enter a default against the party who has "failed to plead or otherwise defend" against an action. FED. R. CIV. P. 55(a). Second, if the plaintiff's claim is not for a "sum certain," the party must apply to the court for an entry of default judgment. *Id.* 55(b)(2). This two-step process gives a defendant an opportunity to move to set aside a default before the court enters judgment. *Id.* 55(c); *see also H. F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe*, 432 F.2d 689, 691 (D.D.C. 1970) (stating that "[t]he notice requirement contained in Rule 55(b)(2) is . . . a device intended to protect those parties who, although delaying in a formal sense by failing to file pleadings . . . have otherwise indicated to the moving party a clear purpose to defend the suit").

3

judgment usually is available "only when the adversary process has been halted because of an essentially unresponsive party . . . [as] the diligent party must be protected lest he be faced with interminable delay and continued uncertainty as to his rights." *Id*. at 836 (quoting *H. F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe*, 432 F.2d 689, 691 (D.C. Cir. 1970)).

Default establishes the defaulting party's liability for the well-pleaded allegations of the complaint. *Adkins v. Teseo*, 180 F. Supp. 2d 15, 17 (D.D.C. 2001); *Avianca, Inc. v. Corriea*, 1992 WL 102999, at *1 (D.D.C. Apr. 13, 1992); *see also Brock v. Unique Racquetball & Health Clubs, Inc.*, 786 F.2d 61, 65 (2d Cir. 1986) (noting that "default concludes the liability phase of the trial"). Default does not, however, establish liability for the amount of damage that the plaintiff claims. *Shepherd v. Am. Broad. Cos., Inc.*, 862 F. Supp. 486, 491 (D.D.C. 1994), *vacated on other grounds*, 62 F.3d 1469 (D.C. Cir. 1995). Instead, "unless the amount of damages is certain, the court is required to make an independent determination of the sum to be awarded." *Adkins*, 180 F. Supp. 2d at 17; *see also Credit Lyonnais Secs. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999) (stating that the court must conduct an inquiry to ascertain the amount of damages with reasonable certainty). The court has considerable latitude in determining the amount of damages. *Jones v. Winnepesaukee Realty*, 990 F.2d 1, 4 (1st Cir. 1993). To fix the amount, the court may conduct a hearing. FED. R. CIV. P. 55(b)(2). The court is not required to do so, however, "as long as it ensure[s] that there [is] a basis for the damages specified in the default judgment." *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc.*, 109 F.3d 105, 111 (2d Cir. 1997).

### B. The Court Grants the Plaintiffs' Motion for Default Judgment

The plaintiffs assert that they are entitled to default judgment because the defendant has failed to answer the complaint or otherwise defend itself in this action. Pls.' Mot. at 2. Given the defendant's failure to respond, the plaintiffs contend that they are entitled to entry of a default judgment. *Id.* More specifically, the plaintiffs seek an order awarding them a total of $19,705.95. Pl.'s Mot. at 2, and ask that the court order the defendant to comply with its future obligations to submit all required reports and contributions to the IPF. *See* Pl.'s Mot, Proposed Order at 2.

#### 1. The Defendant is Liable to the Plaintiffs

Default judgment is appropriate when "the adversary process has been halted because of an essentially unresponsive party." *H. F. Livermore Corp.*, 432 F.2d at 691. As noted above, the plaintiffs served the defendant with the complaint on May 5, 2010. Mitzner Aff. ¶ 2. Since that date, the defendant has failed to plead or otherwise defend itself in this action. Moreover, the defendant has responded neither to the plaintiffs' request for default nor to their motion for default judgment. Given the defendant's unresponsiveness, the court concludes that the entry of a default judgment is appropriate. *See Fanning v. Permanent Solution Indus., Inc.*, 257 F.R.D. 4, 7 (D.D.C. 2009) (concluding that the defendant was liable to the plaintiff because the defendant had failed to respond to the complaint or otherwise defend itself); *Int'l Painters & Allied Trades Indus. Pension Fund v. Auxier Drywall, LLC*, 531 F. Supp. 2d 56, 57 (D.D.C. 2008) (entering a default judgment because of the defendant's failure to request that the court set aside the default or suggest that it had a meritorious defense).

As a result of the entry of default, the court construes all well-pleaded allegations in the complaint as admitted. *Int'l Painters & Allied Trades Indus. Pension Fund v. R.W. Amrine Drywall Co.*, 239 F. Supp. 2d 26, 30 (D.D.C. 2002) (citing *Trans World Airlines, Inc. v. Hughes*, 449 F.2d 51, 63 (2d Cir. 1971), *rev'd on other grounds,* 409 U.S. 363 (1973)); *accord Black v. Lane*, 22 F.3d 1395, 1399 (7th Cir. 1994). The plaintiffs assert that the defendant violated the CBAs and ERISA by failing to make monthly contributions to the IPF and IMI from May 2009 through January 2010. Compl. ¶ 12. The court accepts these well-pleaded allegations as establishing the defendant's liability. *Adkins*, 180 F. Supp. 2d at 17; *see also Fanning*, 257 F.R.D. at 7 (concluding that the plaintiffs sufficiently alleged facts to support their claims and accepting the well-pleaded allegations as true).

### 2. The Court Grants the Plaintiffs' Request for Unpaid Benefit Contributions, Interest, Liquidated Damages and Costs

The plaintiffs contend that the defendant failed to remit $13,326.66 in unpaid benefit contributions for the period of May 2009 to January 2010, basing such calculations on the defendant's submitted reports. Stupar Decl. ¶ 13. The plaintiffs seek the recovery of those unpaid contributions, as well as $1,346.87 in prejudgment interest (calculated at a rate of 15 percent of the unpaid contributions per annum), $4,505.42 in liquidated damages (calculated at a rate of 20 percent of the unpaid contributions per annum) and $527.00 in costs. *Id.* ¶¶ 13-16. In sum, the total amount sought by the plaintiffs is $19,705.95. Pls.' Mot. at 2.

When moving for default judgment, the plaintiffs must prove that they are entitled to the requested damages. *R.W. Amrine Drywall Co.*, 239 F. Supp. 2d at 30 (citing *Oberstar v. Fed. Deposit Ins. Comm'n*, 987 F.2d 494, 505 n.9 (8th Cir. 1993)). Unless the amount of damages is

certain, the court must make an independent determination of the sum to be awarded. *Adkins*, 180 F. Supp. 2d at 17. The court may hold a hearing or rely on detailed affidavits or documentary evidence to calculate the plaintiffs' damages. *R.W. Amrine Drywall Co.*, 239 F. Supp. 2d at 30 (citing *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979)). The plaintiffs are entitled to relief in the form of unpaid contributions, interest on the unpaid contributions, liquidated damages specified in the plan but not in excess of twenty percent of the unpaid contributions, and any other appropriate equitable relief. 29 U.S.C. § 1132(g)(2). The plaintiffs must prove these damages to a reasonable certainty. *Flynn v. Extreme Granite, Inc.*, 671 F. Supp. 2d 157, 162 (D.D.C. 2009) (deeming the plaintiffs' estimate of damages "as accurate as possible under the circumstances"); *Combs v. Coal & Mineral Mgmt. Servs., Inc.*, 105 F.R.D. 472, 474 (D.D.C. 1984) (awarding monetary damages because the plaintiff's affidavit set forth a calculation of the requested damages that the court was able to ascertain as accurate).

The plaintiffs have established that they are entitled to monetary damages pursuant to the CBAs and 29 U.S.C. § 1132(g)(2), and have provided the court with the declaration of David Stupar, the Executive Director of the IPF and a representative authorized to effect collections on behalf of the IMI, who attests to having personal knowledge of the facts. Stupar Decl. ¶ 1; *cf. Credit Lyonnais Secs. (USA), Inc.*, 183 F.3d at 154 (noting that an affidavit by the plaintiff's lawyer who had no personal knowledge of the facts related to the damages was insufficient to ascertain damages with reasonable certainty and grant default judgment). The plaintiffs have calculated the amount of unpaid contributions based on the defendant's monthly remittance reports for May 2009 to January 2010. Stupar Decl. ¶ 9. The affidavit details the calculations on

which the plaintiffs base their request. *See generally id.* Accordingly, the court awards the plaintiffs $13,326.66 in unpaid contributions.

Further, based on an independent determination of the interest due on these unpaid contributions, the court grants the plaintiffs' request for prejudgment interest in the amount of $1,346.87 and liquidated damages in the amount of $4,505.42. *See* 29 U.S.C. § 1132(g)(2)(B)-(C) (stating that a successful plaintiff is entitled to the interest on the unpaid contribution and liquidated damages as provided for in the plan but not exceeding 20 percent of the unpaid contributions); Stupar Decl., Tab 1 at 2 (indicating that the general collection procedures for the IPF and IMI provide for liquidated damages up to 20 percent of the unpaid contributions). Finally, the plaintiffs are entitled to recover their filing fees and service costs in the amounts of $350.00 and $177.00, respectively. *See id.* § 1132(g)(2)(D) (stating that the court shall award the successful plaintiff any reasonable costs).

### 3. The Court Grants the Plaintiffs' Request for Injunctive Relief

The plaintiffs further request that the court order the defendant to comply with its obligations to make timely and full contributions to the IPF and submit all subsequent monthly reports and contributions that may come due. Pls.' Mot, Proposed Order at 2.

ERISA authorizes courts to grant "such other legal or equitable relief as the court deems appropriate." 29 U.S.C. § 1145(g)(2)(E). The defendant is required, pursuant to the CBA currently in effect, to submit monthly reports and payments to the IPF. *See* Compl., Ex. C at 18. Because the defendant has not complied with the CBAs or ERISA and has declined to participate in this litigation, the court grants the plaintiffs' request for injunctive relief. *See Carpenters Labor-Mgmt. Pension Fund v. Freeman-Carder LLC*, 498 F. Supp. 2d 237, 242 (D.D.C. 2007)

(granting injunctive relief because the defendant had "demonstrated no willingness to comply with either its contractual or statutory obligations or to participate in the judicial process"); *Int'l Painters & Allied Trades Indus. Pension Fund v. Newburgh Glass & Glazing, LLC*, 468 F. Supp. 2d 215, 218 (D.D.C. 2007) (granting injunctive relief requiring the defendant to comply with its obligations under the collective bargaining agreements).

## IV.  CONCLUSION

For the foregoing reasons, the court grants the plaintiffs' motion for default judgment, awards the plaintiffs $19,705.95 and grants the requested injunctive relief.  An Order consistent with this Memorandum Opinion is separately and contemporaneously issued this 27th day of January, 2011.

RICARDO M. URBINA  
United States District Judge